CAROLINE M. RANDALL v. ALFRED H. SMITH, TAX COLLECTOR.

[51 South. 917.]

PRIVILEGE TAXES. *Code* 1906, § 3886. *Laws* 1908, *pp.* 56–63. *Waterworks. What constitutes. Artesian well.*

Where the owner of an artesian well, for pay, supplies the public with water therefrom through mains and pipes laid in the streets of a city by him under a municipal franchise so to do, he is conducting a system of waterworks, within Code 1906, § 3886, as amended Laws 1908, p. 63, imposing a privilege tax on privately owned waterworks in cities, and cannot escape the tax on the claim that he is liable only for the smaller tax laid upon each artesian well from which the owner furnishes water for, pay to three or more customers.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Randall, appellant, was complainant in the court below; Smith, tax collector, appellee, was defendant there. From a decree in defendant's favor the complainant appealed to the supreme court.

In 1906 Mrs. Randall, the appellant, applied to and obtained from the city of Moss Point a franchise authorizing her to sink an artesian well and supply water to the public therefrom for pay through mains and pipes for a period of twenty

five years, granting her the right to lay her mains and pipes on designated streets of the city, east of Rhodes Bayou, and reserving the right to regulate charges and inspect the plant at any time, and requiring appellant to furnish pure, wholesome water. Appellant began business on November 1, 1906, and continued to operate without the payment of any privilege tax until a short time before the filing of this suit, in October, 1908, when the appellee, as tax collector, demanded of the appellant the privilege tax for operating a waterworks system imposed by Code 1906, § 3886, to wit, $100 a year, and 100 per cent. damages as prescribed by Code 1906, § 3901, for failure to pay the privilege tax when due and payable.

Code 1906, § 3886, as amended by Laws 1908, p. 63, contains, among others, the following provisions:

On each waterworks in cities, towns, or villages of less
than ten thousand and not more than three thou-
sand inhabitants ...........................$100.00
Same, in cities, towns, or villages of not more than
three thousand inhabitants nor less than one
thousand inhabitants ........................  50.00
Same, in cities, towns, or villages of less than one
thousand inhabitants ......................  20.00
On each artesian well where the owner furnishes water
to as many as three consumers for pay........  10.00

Appellant refused to pay the tax demanded, and began this suit to enjoin its collection. A temporary injunction was granted. The defendant demurred to the bill of complaint and moved to dissolve the injunction. The court below sustained the demurrer and the motion, and the appeal was from the decree so doing.

*William D. Bullard,* for appellant.

The last paragraph of Code 1906, § 3886, provides that, "On each artesian well, where the owner furnishes water to

consumers for pay, $10." In the acts of 1908, the section is amended to read "On each artesian well, where the owner furnishes water to as many as three consumers for pay, $10."

This law, like many other legislative enactments, is rather indefinite in the distinction it seeks to make. But it is clear that water furnished by the owner of an artesian well to consumers for pay, or to three or more consumers, as the law was amended in 1908, is not liable for a privilege tax exceeding ten dollars. There is no limit to the number of consumers. There may be three or there may be any number in excess of three. And it can make no change in the liability of the owner of the well how the water is conveyed to the consumers.

The appellant, Mrs. Caroline M. Randall, was granted the privilege by the city of Moss Point of "placing down an artesian well and laying and maintaining a water main on the streets and alleys and highways on the east side of Rhodes Bayou in the city of Moss Point. This is not a general franchise, but it is limited to that part of Moss Point east of Rhodes Bayou, and the water is to be furnished from an artesian well. The fact that appellant had the right to convey the water from her artesian well by means of mains and pipes should not change her liability. She was still only furnishing water to consumers for pay from an artesian well. "Laws imposing privilege taxes are to be construed in favor of the citizen." *Vicksburg, etc., R. Co. v. State,* 62 Miss. 107, 31 South. 107.

In the case of *Ex parte Taylor,* 58 Miss. 478, the decision closes with this statement of the law: "and the rule is well settled that laws imposing duties or taxes are not to be construed beyond the natural import of the language, and are never to be construed as imposing burdens upon citizens upon doubtful construction."

*May & Sanders,* for appellee.

A mere reading of the franchise ordinance under which the

appellant was operating her business, and which she filed as an exhibit to her bill of complaint, and on which she relies, seems to us to dispense with the necessity for argument on the proposition that the appellant was conducting a "waterworks" within the purview of the privilege tax act. The mere fact that the city deemed it prudent to secure good and wholesome water for the public by limiting the grantee of the franchise to the use of artesian water in the operation of the waterworks does not rob the business of its character as distinguished from an individual conducting a private enterprise who sells water directly from an artesian well in such manner and on such terms as he sees proper.

MAYES, J., delivered the opinion of the court.

It is manifest from this record that Mrs. Randall is conducting a system of waterworks within the meaning of the law imposing a privilege tax on same. When the business engaged in is that of a waterworks or water supply company, the amount of privilege tax to be paid is in no way affected by the fact that the supply of water is drawn from an artesian well. One may own an artesian well and furnish water to others without being engaged in a waterworks business, and in such case the statute imposes a privilege tax of $10 on each artesian well where the owner furnishes water to as many as three consumers for pay. This tax imposed upon each artesian well is intended to apply only in a case where the owner supplies water to a few consumers as a mere incident to owning the well; but it has no application where the main purpose of the well is to conduct a waterworks business. Whenever the supply of water to consumers attains the magnitude of a waterworks or water supply company, the person so conducting the business becomes liable to the privilege imposed on a waterworks company, irrespective of whether the supply is obtained from an artesian well or other source. See section 3886, Code of 1906.

*Affirmed.*